NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| AMADO CORREA SANTOS, | : |
| | : Civ. Action No. 19-6597(RMB) |
| Petitioner | : |
| | : |
| v. | : **OPINION** |
| | : |
| WARDEN ORTIZ, | : |
| | : |
| Respondent | : |

BUMB, District Judge

This matter comes before the Court upon Petitioner Amado Correa Santos' petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1), challenging the Bureau of Prison's ("BOP") calculation of his sentence. Respondent filed an answer in opposition to the petition (Answer, ECF No. 5.) For the reasons discussed below, the Court will dismiss the petition.

I.  BACKGROUND

Petitioner is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey. ("FCI-Fort Dix"). (Pet., ECF No. 1, ¶2.) Petitioner was indicted in the United States District Court for the Western District of Arkansas on August 17, 2010, and charged with Illegal Re-entry into the United States after Deportation for a Felony, in violation of 8 U.S.C. §§

1326(A), (B)(1). (Declaration of Gail Crowe[1] ("Crowe Decl."), ¶4 and Exs. 1, 2, Dkt. No. 5-1; see also Declaration of Carrie Dobovich[2] ("Dobovich Decl."), Ex. 1, Dkt. No. 5-2.) On February 8, 2011, Petitioner was sentenced to an 11-month term of imprisonment for this crime. (Crowe Decl., ¶5, Ex. 3.) In the meantime, on November 4, 2010, Petitioner was indicted in the Western District of Arkansas for Conspiracy to Distribute a Controlled Substance (Methamphetamine). (Id., ¶6, Ex. 4.) On August 4, 2011, he was sentenced for the drug offense to a 240-month term of imprisonment. (Id., ¶7, Ex. 5.) The sentencing court did not address whether the sentences should run consecutively or concurrently. (Id.)

The BOP's Designations and Sentence Computation Center ("DSCC") first calculated Petitioner's sentence on May 21, 2019. (Crowe Decl., ¶9, Ex. 7.) The DSCC determined that Petitioner's sentence commenced on the date his first sentence was imposed, February 8, 2011, and computed it with the two sentences running concurrently. (Id.,) The sentences were aggregated and prior custody credit was applied from August 7, 2010 (date of arrest) to

---

[1] Gail Crowe is a Management Analyst with the United States Department of Justice, Federal Bureau of Prisons, Designations and Sentence Computation Center located in Grand Prairie, Texas. (Crowe Decl., ¶1, Dkt. No. 5-1.)

[2] Carrie Dobovich is a Legal Assistant with the Federal Bureau of Prisons, FCI-Fort Dix, who has access to BOP files maintained on FCI Fort Dix prisoners in the ordinary course of business. (Dobovich Decl., ¶1, Dkt. No. 5-2.)

February 7, 2011 (date before first sentence imposed), which resulted in a combined sentence of 20 years, 5 months, and 27 days. (Crowe Decl., ¶9, Ex. 7.) The projected release date from this calculation, including estimated accrued good conduct time, was June 21, 2028. (Id.)

DSCC reviewed Petitioner's sentence computation after he filed the instant action. (Crowe Decl. ¶10, Ex. 8.) The DSCC review found an error in its computation of Petitioner's sentence; the two sentences should not have been aggregated because the first sentence, after proper application of jail credit, would have discharged prior to the date of sentencing in Petitioner's second case. (Id.) Petitioner's properly calculated release date from his first sentence was July 16, 2011. (Id. ¶11.) His second sentence was imposed over two weeks later, on August 4, 2011. (Id. ¶12, Exs. 5, 6.) The sentences cannot be aggregated because the first sentence discharged before imposition of the second sentence and the sentencing court did not order that the sentences be served concurrently. (Id., ¶13, Exs. 6, 8, 9.) Upon finding this error, DSCC recalculated Petitioner's sentence and determined that his correct release date is December 18, 2028, not the previously calculated release date of June 21, 2028. (Id., ¶13, Ex. 9.)

Petitioner attempted to exhaust his administrative remedies, as he must, before filing the present petition. On or about October 30, 2017, Petitioner filed an administrative remedy request with

3

the Warden on form BP-9. (Dobovich Decl. ¶5, Ex. 2.) Petitioner was advised to resubmit the BP-9 with proof that he first attempted informal resolution but instead Petitioner submitted an appeal on form BP-10 to the Regional Director. (Id. ¶6, Ex. 2.) Petitioner's BP-10 was also rejected for his failure to demonstrate his attempt at informal resolution. (Id.) Rather than correct the identified issue, Petitioner filed a BP-11 to the Central Office, which was also rejected. (Id. ¶7, Ex. 2.)

II. DISCUSSION

    A.    The Parties' Arguments

Petitioner seeks prior custody credit against his aggregate sentence for the time he served since his earliest offense date, August 17, 2010. (Pet. ¶13, Dkt. No. 1.) Petitioner only received prior custody credit beginning February 8, 2011. (Id.) Respondent contends that the Court should dismiss the petition, asserting Petitioner failed to properly exhaust administrative remedies because he did not follow the instruction to demonstrate that he attempted informal resolution before seeking a formal remedy. (Answer, Dkt. No. 5 at 6-7.) Alternatively, Respondent argues that the DSCC has corrected Petitioner's sentence calculation, and it results in a later projected release date because Petitioner's first sentence was fully discharged on July 16, 2011. (Id. at 8-9.) The credit Petitioner seeks was applied to the first federal sentence and cannot be applied to the current federal sentence

4

because 18 U.S.C. § 3585(b) prohibits doubt credit for time served against multiple sentences. (Answer, Dkt. No. 5 at 9-10.)

B. Exhaustion

A federal prisoner usually must exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). "Proper exhaustion requires that a prisoner present his claim at every administrative level." Concepcion v. Warden Allenwood FCI, 750 F. App'x 184, 185 (3d Cir. 2019). The administrative remedy procedures for federal prisoners are set forth at 28 C.F.R. §§ 542.10-542.18. Absent proper exhaustion of administrative remedies, "judicial review is barred unless [the prisoner] can demonstrate cause and prejudice." Johnson v. Warden Big Sandy USP, 708 F. App'x 745, 747 (3d Cir. 2017).

The BOP administrative procedure program requires that the inmate first address his complaint informally to staff. (Dobovich Decl. ¶3, citing 28 C.F.R. §§ 542.10-542.18.) If dissatisfied with the informal response, the inmate may file an administrative remedy request to the warden of the institution. (Id.) If that result is unsatisfactory, the inmate may appeal to the BOP Regional Director. (Id.) If dissatisfied with the Regional Director's response, the inmate may finally appeal to the National Appeals Administrator in the Central Office of the BOP. (Id.) An inmate has exhausted his remedies after appeal to and denial by the Central Office. (Id.)

5

Petitioner's administrative appeals were rejected because he failed to submit proof of attempting an informal resolution. (Dobovich Decl., Ex. 2, Dkt. No. 5-2.) Petitioner was given an opportunity to remedy this procedural error but chose instead to continue his appeals. Absent proper exhaustion, Petitioner's claims are procedurally defaulted because he did not show cause and prejudice to excuse the default. See e.g. Millhouse v. Lewisburg, 666 F. App'x 98, 100 (3d Cir. 2016) (finding prisoner failed to demonstrate cause for his failure to exhaust administrative remedies). Thus, the Court will dismiss the petition as procedurally defaulted. Nevertheless, in the alternative, the Court would deny the petition on the merits, as discussed below.

C.  Prior Custody Credit

The Attorney General of the United States has delegated responsibility for computation of federal sentences to the BOP. United States v. Wilson, 503 U.S. 329, 333-35 (1992). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Blood v. Bledsoe, 648 F.3d 203, 207 (3d Cir. 2011) (citing 18 U.S.C. § 3585.) "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or

6

arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). According to BOP policy, if, at the time of sentencing, the prisoner is in exclusive federal custody solely on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition. BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), at 1-12.[3]

Relevant here, Petitioner was sentenced on February 8, 2011, in criminal case number 5:10-CR-50105, to a term of 11 months of imprisonment for illegal reentry. (Crowe Decl., Ex. 3, Dkt. No. 5-1.) At that time, Petitioner was not serving another federal sentence. (Crowe Decl., ¶13, Ex. 8.) Therefore, the BOP properly concluded that Petitioner's 11-month sentence commenced on the date the sentence was imposed, February 8, 2011. (Id.) See e.g. Mills v. Quintana, 408 F. App'x 533, 535 (3d Cir. 2010) (citing 18 U.S.C. § 3585(a); PS 5880.28, Ch. 1, p. 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."))

Next, the BOP considered whether Petitioner was entitled to prior custody credit under 18 U.S.C. § 3585(b). Petitioner was arrested on August 17, 2010 for the illegal reentry offense. (Crowe Decl., Ex. 1.)  He was sentenced for this offense on February 8,

---

[3] Available at https://www.bop.gov/policy/progstat/5880_028.pdf (last viewed July 30, 2020).

7

2011, at which time he had not yet been sentenced on his drug offense in Case Number 5:10-CR-50105. (Crowe Decl., ¶5, Ex. 3, Dkt. No. 5-1.) Therefore, the BOP awarded all prior custody time (August 17, 2010 until February 7, 2011) toward the 11-month illegal reentry sentence. (Crowe Decl., ¶11, Ex. 8.) Petitioner's 11-month sentence for illegal reentry was fully discharged on July 16, 2011. (Id.)

Petitioner, however, remained in custody until sentencing for his drug offense on August 4, 2011. (Crowe Decl., ¶¶11-12, Exs. 3, 5, 6, 8, 9.) The BOP commenced Petitioner's second sentence on August 4, 2011, the date of imposition, pursuant to 18 U.S.C. § 3585(a). (Crowe Decl., ¶12, Exs. 5, 6, 9.) The BOP then awarded prior custody credit toward Petitioner's 240-month sentence from July 17, 2011 to August 3, 2011. (Crowe Decl., ¶12, Ex. 9.) The credit Petitioner seeks was applied to the already-discharged federal sentence; therefore, it cannot be applied against another sentence because § 3585(b) prohibits the crediting of time served against multiple sentences. See e.g., Hasan v. Sniezek, 379 F. App'x 232, 234-35 (3d Cir. 2010) (holding prisoner was not entitled to double credit where he had already been granted prior custody credit against fully discharged sentence). For these reasons, in the alternative to dismissal of the petition for procedural default of administrative remedies, the Court would deny the petition on the merits.

8

III. CONCLUSION

    For the reasons stated above, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated:  July 31, 2020

                                        s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**